EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Pueblo de Puerto Rico Recurrido V. Edwin Barreto Tubens Peticionario | Certiorari 2014 TSPR ___ 190 DPR ____ |
|---|---|

Número del Caso: CC-2013-509

Fecha: 7 de febrero de 2014

Abogados de la Parte:

Lcda. Eileen N. Díaz Ortiz
Lcdo. Víctor A. Meléndez Lugo

Materia: Resolución del Tribunal con Votos

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Pueblo de Puerto Rico

   Recurrido

      v.                      CC-2013-509    *Certiorari*

Edwin Barreto Tubens

   Peticionario

RESOLUCIÓN

San Juan, Puerto Rico, a 7 de febrero de 2014.

A la moción de reconsideración de la Resolución del 11 de octubre de 2013, no ha lugar.

Mediante su moción el Lcdo. Edwin Barreto Tubens solicita que reconsideremos y revoquemos la sentencia del Tribunal de Apelaciones que confirmó una determinación del Hon. Edwin Ruiz González, Juez Superior del Tribunal de Bayamón, en la que se le encontró incurso en el delito de desacato criminal por conducta catalogada como insolente y desdeñosa.

Los hechos que dieron paso a este procedimiento ocurrieron en una vista preliminar. Durante su turno para contrainterrogar a una de las testigos de cargo, el licenciado Barreto Tubens, en representación del imputado, comenzó una línea de preguntas que fue objetada por el Ministerio Público. El Juez Ruiz González sostuvo la objeción, pero el licenciado continuó con la línea de preguntas declaradas impertinentes. Ante esa situación, el tribunal llamó la atención al licenciado, pero este no acató las determinaciones del Juez e insistió en continuar con esas preguntas.

Mientras esto ocurría, la testigo se levantó de su silla y se arrodilló frente al Juez suplicando

que no la hiciera testificar. El Juez le solicitó que se levantara del piso y esta comenzó a llorar y alzar la voz, lo cual ocasionó que los procedimientos se entorpecieran. En este momento, el licenciado Barreto Tubens expresó: "esto es una barbaridad", refiriéndose a los procedimientos de la sala.

Por lo anterior, el Juez Ruiz González declaró culpable sumariamente al licenciado Barreto Tubens del delito de desacato y lo condenó a una pena de cien dólares de multa o un día de cárcel por cada cincuenta dólares que deje sin satisfacer. El Tribunal de Apelaciones confirmó esta determinación.

Como es sabido, la conducta dirigida a interrumpir los procedimientos en el foro judicial y menoscabar el respeto del tribunal constituye el delito desacato criminal. Véase In re Cruz Aponte, 159 D.P.R. 170 (2003). Del mismo modo, hemos reiterado la importancia de que los jueces puedan imponer desacatos para lograr que los procedimientos judiciales se lleven a cabo de forma ordenada. Véase, Pueblo v. Cuevas Velázquez, 103 D.P.R. 290 (1975).

Este Tribunal no está en las mismas condiciones que el foro primario para poder determinar el verdadero alcance de las frases y palabras pronunciadas en el foro primario, ya que no se puede conocer el tono de voz en que fueron pronunciados ni la actitud y gestos que pudieron acompañarlas. Pueblo v. Báez, 72 D.P.R. 175, 187-88 (1951). Por ello, una sentencia que declara culpable de desacato criminal no debe ser revocada a menos que sea manifiesto que ningún desacato se ha cometido, demostrándose así que la corte ejercitó su autoridad caprichosa, opresiva y arbitrariamente. Íd. Nuestra tarea no es adjudicar este caso de novo. Es decir, nuestro análisis no es si alguno de nosotros habríamos encontrado al peticionario incurso en desacato, sino si el juez que presidió la sala abusó de su discreción al hacerlo. VDE Corporation v. F & R Contractors, 180 D.P.R. 21, 41 (2010); Pueblo v. Rivera Santiago, 176 D.P.R. 559, 580 (2009).

Según es conocido, "[l]a tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil. Sin embargo, no tenemos duda de que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad". Rivera y otros v. Bco. Popular, 152 D.P.R. 140, 155 (2000).

Luego de examinar con detenimiento el expediente de este caso, incluyendo la grabación de los procedimientos ante el Tribunal de Primera Instancia, coincidimos con el Tribunal de Apelaciones en que la conducta observada por el letrado fue "desdeñosa e insolente tanto hacia el juez como a los procedimientos judiciales". La reiterada desobediencia a las determinaciones del tribunal, así como su última expresión demuestran un comportamiento tendente "a mancillar el orden y

decoro del indispensable funcionamiento judicial". Por ende, concluimos que el Hon. Edwin Ruiz González no abusó de su discreción al imponer el desacato para mantener el orden en su sala.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Estrella Martínez emitió un Voto Particular Disidente al cual se unen la Juez Asociada señora Rodríguez Rodríguez, el Juez Asociado señor Kolthoff Caraballo y el Juez Asociado señor Rivera García.


                              Aida Ileana Oquendo Graulau
                          Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

      v.

                           CC-2013-509      Certiorari

Edwin E. Barreto Tubens

    Peticionario

Voto particular disidente emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ al cual se unen la Juez Asociada SEÑORA RODRÍGUEZ RODRÍGUEZ y los Jueces Asociados SEÑORES KOLTHOFF CARABALLO y RIVERA GARCÍA

San Juan, Puerto Rico, a 7 de febrero de 2014.

Respetuosamente disentimos del curso de acción con el que hoy se atiende este caso. Entendemos que no se configuraron los elementos constitutivos del Art. 279 del Código Penal, *infra*. La conducta desplegada por el peticionario, así como el talante de sus expresiones orales, no se enmarcan dentro de los criterios expresos que exige nuestro precepto penal para que se configure una violación al Art. 279. Por tanto, concluimos que los hechos acaecidos no constituyen un ataque lesivo e injurioso a la función judicial.

En mérito de lo anterior, reconsideraría la denegatoria a expedir el recurso de *certiorari* con miras de revocar el dictamen emitido por el Tribunal de Apelaciones.

Veamos entonces los hechos que dieron base a la controversia ante nuestra consideración.

**I.**

Durante los procedimientos de vista preliminar de los casos Pueblo v. Ramón Soto Marrero, Casos Crim. Núm. VP12-9602 al 9605, el Lcdo. Edwin E. Barreto Tubens (licenciado o peticionario), quien labora para la Sociedad para la Asistencia Legal, fungió como representante legal del imputado Ramón Soto Marrero. A este último se le atribuía haber infringido la Ley de Armas, 25 L.P.R.A. sec. 458d, y la Ley de Prevención e Intervención con la Violencia Doméstica, 8 L.P.R.A. secs. 631 y 633.

En medio de la celebración de la vista preliminar, ocurrieron unos incidentes atípicos por los cuales el foro de instancia halló incurso en el delito de desacato al licenciado Barreto Tubens.

Específicamente, durante el contrainterrogatorio, el licenciado Barreto Tubens preguntó a la testigo de cargo sobre si deseaba continuar con el proceso criminal en contra del imputado. La fiscal objetó, pero el juez permitió la línea de preguntas del licenciado. Así las cosas, la testigo se tornó llorosa al ser confrontada con expresiones emitidas durante la vista de causa probable

para arresto en las que manifestaba su interés en no continuar con el proceso.

Ante el proceder del peticionario, la fiscal objetó nuevamente. Dicha objeción fue acogida por el juez, seguida por la siguiente expresión: "[y]o no creo que en esta sala no hay ninguna persona, ninguna persona que tenga interés en rendir planillas y pagar contribuciones".[1] El licenciado replicó a tal expresión, planteando que la analogía enunciada no guardaba relación con la controversia que se estaba dilucidando.

Entonces, el peticionario trató de explicar su estrategia y continuar la línea de preguntas, pero el tribunal lo denegó. En medio del diálogo entre el juez y el licenciado, la testigo, ahogada en llanto y con aparente quebranto emocional, se arrodilló ante el juez. Con voz agitada, temblorosa y llorosa, la testigo le expresó al juzgador, en repetidas ocasiones, lo siguiente: "[y]o no quiero hacerle daño a él", "[y]o no quiero hacerle daño".[2] Tanto el juez como los funcionarios de sala le ordenaron en repetidas ocasiones a la testigo que se pusiera de pie y cesara de implorar. En medio del descontrol que se apoderó de la sala, el licenciado Barreto Tubens expresó la frase pueblerina: "[e]sto es una barbaridad".[3]

---

[1]Transcripción de la prueba oral, a la pág. 6.

[2]Íd. a la pág. 7.

[3]Íd. De la transcripción estipulada de la prueba oral, ordenada por el Tribunal de Apelaciones, surge que

Como consecuencia de esa expresión, casi inaudible, el juez encontró al peticionario incurso en desacato. Ello, según manifestó, debido a "las expresiones que [el licenciado] acababa de hacer [...] relacionado al procedimiento en esta sala".[4]

En su Sentencia, el foro primario consignó que la conducta desplegada por el licenciado Barreto Tubens fue desdeñosa e insolente, y que sus actuaciones constituyeron una "crítica injuriosa e inflamatoria hacia los procedimientos".[5] Por ello, le impuso el pago de 100 dólares de multa, o un día de cárcel por cada 50 dólares que el licenciado dejara de satisfacer. Asimismo, le

---

apenas se escucha la enunciación de esta frase, a la pág. 7.

TESTIGO: ¡Mire señor juez!

JUEZ: ¡Dama!

TESTIGO: ¡Mire señor juez! (La testigo se arrodilla y suplica en llanto.)

JUEZ: ¡Dama, dama, espérese dama!

(Se escucha mucho bullicio en la sala y voces masculinas ordenan a la testigo que se pare.)

TESTIGO: ¡Por favor, señor juez!

VOZ MASCULINA: ¡De pie por favor, párese un momentito! Pero párese un momentito por favor.

DEFENSA: (Entre el ruido de la sala apenas se escucha) Esto es una barbaridad.

TESTIGO: ¡Yo no quiero hacerle daño a él!

(Continúa el ruido en la sala.)

TESTIGO: ¡Yo no quiero hacerle daño!

[4]Transcripción de la prueba oral, a la pág. 7.
[5]*Véase*, Sentencia del Tribunal de Primera Instancia, a la pág. 2.

concedió un término de 20 días para satisfacer la referida multa.

En descuerdo, el licenciado acudió ante el Tribunal de Apelaciones y solicitó la paralización de los procedimientos. El foro apelativo paralizó los efectos de la Sentencia y, a su vez, ordenó al licenciado presentar una transcripción de la prueba oral. **La Procuradora General compareció ante el foro apelativo intermedio y concluyó que lo expresado en la Sentencia de desacato no se ajustaba fielmente a lo que surge de la transcripción de los procedimientos.**

El Tribunal de Apelaciones emitió una Sentencia mediante la cual confirmó al foro de instancia. Concluyó que la conducta del licenciado Barreto Tubens fue desdeñosa e insolente, tanto hacia el juez como a los procedimientos judiciales. Sostuvo que a consecuencia de sus actuaciones se interrumpió el proceso judicial, logrando así mancillar el orden y decoro que debe caracterizar los procedimientos judiciales. Inconforme, el licenciado presentó una solicitud de reconsideración, la cual fue declarada no ha lugar.

En desacuerdo con tal determinación, el licenciado recurrió ante este Tribunal. Lamentablemente tanto el recurso, así como la oportuna moción de reconsideración fueron declaradas no ha lugar, por lo que disiento y expreso los fundamentos de derecho que ameritan reconsideración.

**II.**

Con el fin de exponer nuestro criterio a la controversia de epígrafe, debemos señalar los preceptos legales aplicables a la misma. Particularmente, dirigiremos nuestro análisis a determinar cómo los hechos suscitados no configuran los elementos delictivos que requiere nuestro Código Penal. Procedemos.

En lo pertinente, conforme al texto expreso del Art. 279 del Código Penal de 2012, 33 L.P.R.A. sec. 5372, el delito menos grave de desacato se configura cuando una persona lleva a cabo los siguientes actos:

> (a) Perturbe el orden, cause ruido o disturbio o se conduzca en forma **desdeñosa o insolente** hacia un tribunal de justicia o un juez durante el desarrollo de una investigación judicial o una sesión, **tendiendo con ello directamente a interrumpir los procedimientos o menoscabar el respeto debido a su autoridad**, o en presencia del jurado mientras esté en estrado o deliberando en alguna causa.
> (b) **Desobedezca** cualquier decreto, mandamiento, citación u otra orden legal expedida o dictada por algún tribunal.
> (c) Demuestre resistencia ilegal y contumaz a prestar juramento o llenar los requisitos como testigo en una causa pendiente ante cualquier tribunal, se niegue sin excusa legítima a contestar cualquier interrogatorio legal después de haber jurado o llenado dichos requisitos.
> (d) **Exprese crítica injuriosa o infamatoria** de los decretos, órdenes, sentencias o procedimientos de cualquier tribunal que tienda a desacreditar al tribunal o a un juez.
> (e) Publique cualquier informe falso o manifiestamente inexacto sobre procedimientos judiciales, a sabiendas de su falsedad.
> (Énfasis suplido).

Como se puede apreciar, el Código Penal exige que las actuaciones incurridas no sólo sean lesivas al orden y decoro que caracteriza el funcionamiento judicial, sino

que se requiere que las mismas interrumpan los procesos o mancillen el respeto que se le debe a la autoridad judicial. A su vez, el artículo dispone que si se trata de críticas, para que se configure el delito de desacato, éstas deben ser ofensivas y con el ánimo de desacreditar al tribunal o al juez que preside los procedimientos. Forzoso es concluir que si las circunstancias anteriores no acontecen, no existe la comisión del delito de desacato.

**III.**

Surge de los hechos que la decisión del juez de encontrar incurso en desacato al peticionario ocurrió en medio de una vista preliminar cargada de emotividad por parte de la principal testigo de cargo. Llorosa y atribulada, ésta manifestaba, constantemente, su desinterés en que continuaran los procedimientos judiciales en contra del imputado. Ello fue motivo para que el licenciado Barreto Tubens inquiriera sobre su deseo de culminar el proceso criminal, incluso desde la vista de causa probable para arresto. Esto dio pie para que entre el juez y el licenciado Barreto Tubens se suscitara un fogoso diálogo que culminó en la Sentencia de desacato en contra del licenciado.

Examinada cuidadosamente la transcripción de la prueba oral y escuchado con detenimiento el audio de los procedimientos, no podemos avalar la determinación de los foros recurridos. La evidencia ante nosotros demuestra, a

todas luces, que el licenciado Barreto Tubens no incurrió en el delito de desacato.

Resalta el hecho de que antes que el letrado Barreto Tubens comenzara su turno de preguntas, la testigo le había manifestado tanto al juez como a la fiscal su deseo de no continuar con el caso. Incluso, la propia testigo le expresó al juez que durante la vista de Regla 6, ya ella le había manifestado al juzgador que dirigió esa etapa de los procedimientos su desinterés en que el caso prosperara. No podemos concluir, pues, que su quebranto emocional se debiera estrictamente a la línea de preguntas hechas por el licenciado.

Por tanto, no apoyamos la contención de los foros inferiores de que el proceder del peticionario provocó una alteración emocional en la testigo, a tal grado que requirió asistencia médica. Sus determinaciones no alcanzan persuadirnos. Concluimos, así, que fue la testigo de cargo quien, a causa de su deterioro emocional, generó el desorden en sala, ocasionando con ello la interrupción de los procesos.

Por su parte, somos del criterio de que la conducta y la frase emitida por el licenciado, "esto es una barbaridad", no lleva consigo el desdén que propicia el menoscabo a la autoridad del juzgador. Tampoco representan un ataque vejatorio a la dignidad del foro judicial. Esa frase casi inaudible cuando se escucha detenidamente el audio de los procedimientos, que afloró en medio del bullicio del momento en que la testigo estaba arrodillada

e imploraba llorosa al juez, no alcanza el grado requerido para que se constituya el desacato criminal.

El proceder del licenciado no lleva el estigma de la insolencia e injuria que exige el Art. 279. A su vez, reiteramos que las actuaciones del peticionario no obstaculizaron la función judicial, ni obturaron el respeto a su autoridad. Fue el triste cúmulo de emociones que embargaron a la testigo lo que desencadenó el eventual descontrol en sala y la consecuente suspensión de los procedimientos.

En el furor del momento, el licenciado descargó su deber legítimo como abogado de defensa. Cónsono con las exigencias éticas que gobiernan la profesión, entendemos que el peticionario cumplió con su obligación de defender los intereses de su cliente. ¿Acaso éste no es un requerimiento ético al que todo abogado debe dar fiel cumplimiento? ¿Por qué, entonces, "castigar" criminalmente a un abogado cuyas actuaciones no nos parecen ajenas a los preceptos éticos? No vemos, pues, la intención del peticionario de desobedecer las órdenes del tribunal, perturbar su orden, obstaculizar los procesos, o lesionar su dignidad o autoridad, tal como lo exige el Art. 279.

Examinada minuciosamente tanto la Sentencia dictada por el foro de instancia como la trascripción de la prueba oral, nos percatamos de que la primera no es específica con respecto a cuál de los incisos del Art. 279 fue transgredido por el licenciado Barreto Tubens. A su vez,

la Sentencia suscrita no se ajusta, de forma fehaciente, a lo que surge de la transcripción de los procedimientos.

Resaltamos, además, que no está ante nuestra consideración los méritos de la estrategia legal del peticionario. Mucho menos la reputación y honorabilidad del distinguido juzgador. Nuestro análisis está circunscrito a examinar si el comportamiento en sala del letrado Barreto Tubens infringió nuestra normativa penal.

En conformidad con nuestros pronunciamientos anteriores, somos del firme criterio de que los foros judiciales:

> [C]onstituyen el sitial y baluarte sagrado que nuestro pueblo ha reconocido para dirimir sin agravios y desapasionamientos las controversias humanas. Ausente este respeto, la sala de justicia quedaría reducida a un foro de anarquía en que la solución de conflictos sería el producto de la pasión y no de la razón. Pueblo v. Cuevas Velázquez, 103 D.P.R. 290, 296 (1975).

Precisamente, el desacato criminal lo que persigue es vindicar la majestad de la ley en la autoridad judicial menospreciada. Pueblo v. Susoni, 81 D.P.R. 124, 156 (1959). Este procedimiento surge del poder inherente de los tribunales "para mantener y asegurar el orden en su presencia y en los procedimientos ante su consideración, para hacer cumplir sus órdenes, sentencias y providencias, y para realizar u ordenar cualquier acto que resulte necesario a fin de cumplir a cabalidad sus funciones". E.L.A. v. Asoc. de Auditores, 147 D.P.R. 669, 681 (1999). No obstante, toda vez que es un recurso de carácter punitivo que tiene el juez para ejercer sus facultades, el

mismo debe utilizarse con **suma prudencia**. A la luz de estas consideraciones, concluimos que en el caso que hoy tenemos ante nuestra consideración, la decisión de encontrar incurso en desacato al peticionario fue una acción punitiva desproporcionada en la que el ejercicio de prudencia quedó ausente y fue sustituido por el abuso de la discreción.

En virtud con lo que hemos expresado, reconsideraría y, por ende, expediría el recurso de *certiorari* para revocar el dictamen confirmatorio del foro apelativo intermedio, que avaló una Sentencia de desacato emitida por el foro de instancia contra el peticionario.


Luis F. Estrella Martínez
Juez Asociado